**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOCELYN R. DAVIS,** | ) | **CASE NO. 1:12CV22** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Objection (ECF DKT #17) to the Report and Recommendation (ECF DKT #16) of Magistrate Judge Knepp, that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the following reasons, the Court ADOPTS Magistrate Judge Knepp's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claim for Disability Insurance Benefits.

**BACKGROUND**

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts.

On January 25, 2006, Plaintiff filed applications for DIB and SSI alleging a disability onset date of December 13, 2005.  Plaintiff asserts she is disabled due to a heart condition, low energy level, and lingering complications from a serious infection she suffered in late 2005 into early 2006.  Her claims were denied initially and on reconsideration.  Plaintiff then requested a hearing before an Administrative Law Judge (ALJ).  The hearing took place on June 30, 2009 in Cleveland, Ohio.  Dr. Daniel Schweid, an impartial medical expert ("ME") certified in psychiatry, and Kevin Yi, an impartial vocational expert ("VE") testified.  The ALJ issued a partially favorable notice of decision, finding Plaintiff was disabled between December 13, 2005 and December 31, 2006, but not disabled for all subsequent dates.

For the period prior to January 1, 2007, the ALJ's residual functional capacity (RFC) determination included a limitation that Plaintiff would be absent from work at least once per week because of her impairments.  The ALJ determined, based on the testimony of the VE, no jobs existed in significant numbers in the national economy for a person with Plaintiff's absence limitation.  However, the ALJ went on to find Plaintiff's medical condition improved as of January 1, 2007.  Based on the revised RFC and the VE's testimony, the ALJ determined Plaintiff was no longer disabled as of January 1, 2007, because there were jobs that existed in significant numbers in the national economy Plaintiff could perform.

Plaintiff requested review of the ALJ's decision by the Appeals Council.  The request was denied, making the ALJ's decision the final decision of the Commissioner.  Plaintiff now challenges the ALJ's determination of medical improvement, contending her disability continued after January 1, 2007.

## STANDARD OF REVIEW

The Court exercises jurisdiction over the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). *McClanahan v. Comm'r of*

*Soc. Sec.*, 474 F.3d 830, 832-33 (6th Cir. 2006).  In conducting judicial review, the Court must affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence. *Id. (citing Branham v. Gardner*, 383 F.2d 614, 626-27 (6th Cir. 1967)).  "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . ." *McClanahan*, 474 F.3d at 833 (*citing* 42 U.S.C. § 405(g)).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan*, 474 F.3d at 833 (*citing Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992)).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . This so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference."  *McClanahan*, 474 F.3d at 833 (*citing Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted)).

## LAW AND ANALYSIS

The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical for purposes of this case, and are found at 20 C.F.R. §§ 404.1520 and 416.920.  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  DIB and SSI are available only for those who have a "disability." 42 U.S.C. § 423(a), (d); *see also* 20 C.F.R. § 416.920.  "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  *Colvin*, 475 F.3d at 730 (*citing* 42U.S.C. § 423(d)(1)(A)) (definition used in the DIB context); *see also* 20 C.F.R. § 416.905(a) (same definition used in the SSI context).

The Commissioner uses a five-step sequential evaluation process to evaluate a

-3-

DIB or SSI claim.  First, a claimant must demonstrate he is not engaged in "substantial gainful activity" at the time he seeks disability benefits.  *Colvin,* 475 F.3d at 730 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)).  Second, a claimant must show he suffers from a "severe impairment."  *Colvin*, 475 F.3d at 730.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  *Id.* (*citing Abbott*, 905 F. 2d at 923).  At the third step, a claimant is presumed to be disabled regardless of age, education, or work experience if he is not engaged in substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets the requirements of a "listed" impairment. *Colvin*, 475 F.3d at 730.

Prior to considering step four, the Commissioner must determine a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e).  An individual's residual functional capacity is an administrative "assessment of [the claimant's] physical and mental work abilities – what the individual can or cannot do despite his or her limitations."  *Converse v. Astrue*, 2009 U.S. Dist. LEXIS 126214, *16 (S.D. Ohio 2009); *see also* 20 C.F.R. § 404.1545(a).  It "is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis . . . A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Converse,* 2009 U.S. Dist. LEXIS 126214 at *17 (quoting SSR 96-8p, 1996 SSR LEXIS 5 (July 2, 1996) (emphasis in original) (internal citations omitted)).  The Commissioner must next determine whether the claimant has the residual functional capacity to perform the requirements of his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f).  If he does, the claimant is not disabled.

Finally, even if the claimant's impairment does prevent him from doing past relevant work, the claimant will not be considered disabled if other work exists in the national economy that he can perform.  *Colvin*, 475 F.3d at 730 (*citing Heston v. Comm'r*

*of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (internal citations omitted) (second alteration in original)).  A dispositive finding by the Commissioner at any point in the five-step process terminates the review.  *Colvin*, 475 F.3d at 730 (*citing* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).

In this case, Plaintiff challenges the ALJ's finding of medical improvement beginning January 1, 2007.  When, as here, a recipient of disability benefits challenges the cessation of benefits, the central issue is whether the recipient's medical impairments have improved to the point where she is able to perform substantial gainful activity. 42 U.S.C. § 423(f)(1); *Kennedy v. Astrue*, 247 F. App'x 761, 764 (6th Cir. 2007).  Plaintiff asserts that the ALJ's finding is not supported by substantial evidence.  Specifically, Plaintiff argues the ALJ's finding of medical improvement cannot be sustained because the ALJ did not acknowledge or give proper weight to evidence of Plaintiff's left-arm pain/numbness, back pain and shortness of breath and fatigue.  The Magistrate Judge accurately and thoroughly addressed Plaintiff's arguments.

Dr. Daniel Schweid, an impartial medical expert ("ME") testified that Plaintiff's left-sided numbness was more than likely tied to scarring from her reconstructive surgery to her left breast as a result of necrotizing fascitis, but there is no evidence in the record of major nerve function impairment or other impairment to her left hand that would impact handling or fingering abilities.  Therefore, substantial evidence exists to support a conclusion that, even if Plaintiff had received a formal diagnosis related to her alleged left-arm pain and numbness, the symptoms were not so severe as to have an effect on Plaintiff's post-January 1, 2007 RFC.

Plaintiff further asserts that the ALJ improperly discredited Plaintiff's credibility regarding complaints related to her back pain, and the determination is not supported by substantial evidence.  In February 2007, Plaintiff's treating physician, Dr. Mary Rabb, completed a form in connection with Plaintiff's social security claim.  Dr. Rabb reported

Plaintiff had no known cognitive limitations, no known limitation on activities of daily living, and found her self care abilities were very good.  Dr. Rabb did find Plaintiff was suffering from mild depression.

Previously, in October 2006, Dr. Willa Caldwell completed an RFC assessment and found Plaintiff could lift ten pounds frequently and twenty pounds occasionally, could sit, stand, and walk for six hours in an eight-hour day, and had no postural, manipulative, or other limitations.  Again, In July 2009, an RFC was completed by an occupational therapist and the assessment remained the same.  At Plaintiff's hearing, the ALJ questioned the ME about Plaintiff's alleged back pain, and the ME testified there was no evidence of a spinal impairment.   The Court agrees that there is no objective medical evidence in the record that supports Plaintiff's complaint of back pain.

Plaintiff then argues the ALJ's finding of medical improvement is not supported by substantial evidence because it failed to account for evidence of Plaintiff's shortness of breath and fatigue.  A chest x-ray on May 31, 2007 was normal.  A pulmonary function study completed on the same day by Dr. Eulogio Sioson noted poor effort, such that results could not be interpreted.  State reviewing consultant Dr. Leslie Green found Plaintiff's breathing impairment only partially credible, observing no breathing difficulties when the test was administered.  In August 2007, Plaintiff underwent another pulmonary function test, that showed a very mild restriction and moderate to severe obstruction.  A third pulmonary function test administered in February 2008 returned largely normal results.  The doctor was unable to rule out the possibility of asthma and prescribed Plaintiff Advair.

The ALJ found that Plaintiff continued to suffer from COPD and HIV infection, in addition to other impairments, after January 1, 2007.  The Court agrees with the Magistrate Judge's conclusion that Plaintiff's argument that the ALJ's post-January 1, 2007 RFC was incorrect for not accounting for shortness of breath and fatigue is not

well-taken.  The ALJ accounted for shortness of breath and fatigue associated with these two impairments.  In addition to the pulmonary function test in May 2007 noting poor effort, and the third test in February 2008 that was largely normal, there was no indication of fatigue during Plaintiff's holter monitoring in November 2006 and April 2008.

The Magistrate Judge correctly points out that a claimant's subjective complaints can support a claim for disability, but there must also be objective medical evidence in the record of an underlying medical condition. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003).  "An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Id.* at 476 (citations omitted).

In Plaintiff's Objection to Magistrate Judge's Report and Recommendation, she asserts that the testimony of the medical expert on her shortness of breath and fatigue was not addressed in the Report and Recommendation.  Plaintiff complains that the Magistrate Judge restated the ALJ's erroneous analysis of the issue.  The Court disagrees, and finds that Plaintiff has not provided to the Court any evidence to show how shortness of breath and fatigue renders her unable to work.

### CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit, and the Commissioner's decision denying SSI and DIB benefits after December 31, 2006 is supported by substantial evidence.  Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #16) is ADOPTED and the Commissioner's denial of Plaintiff's Claim for Disability Insurance Benefits is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: 5/15/13**

                 s/Christopher A. Boyko
                 **CHRISTOPHER A. BOYKO**
                 **United States District Judge**